UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SONIA S. MILORD,

                Plaintiff,

       -against-

GLADYS DURAN; DEUSTCHE BANK
NATIONAL TRUST COMPANY,

                Defendants.

------------------------------------------------------------x

(NOT FOR PUBLICATION)
**MEMORANDUM AND ORDER**
13-CV-5451 (KAM)

MATSUMOTO, United States District Judge.

      On October 1, 2013, *pro se* plaintiff Sonia S. Milord filed a complaint ("Complaint"), a request for an Order to Show Cause why a Preliminary Injunction and Temporary Restraining Order ("Order to Show Cause") should not be granted, and an affidavit in support of the motion for injunctive relief ("Affidavit") seeking to, *inter alia*, enjoin any eviction process against plaintiff from property located at 3208 Farragut Road in Brooklyn, New York.  By Order dated October 2, 2013, the court denied plaintiff's request for a preliminary injunction and a temporary restraining order.  (*See* ECF No. 4, Order dated 10/2/13 and filed 10/3/13.)   Plaintiff has paid the requisite filing fee to bring this action.  For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction, but plaintiff is granted thirty (30) days leave to file an amended complaint.

## BACKGROUND

      The complaint alleges that defendants violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1639e *et seq*.  Plaintiff's allegations stem from real property located at 3208 Farragut

1

Road in Brooklyn, New York ("the Property"). Plaintiff alleges that on December 8, 2004, defendant Gladys Duran ("Duran") fraudulently sold her a mortgage note. (*See* ECF No. 1, Compl. filed 10/1/13 at 2, ¶ III.) Plaintiff further states that "[r]ecently, a default judgment from the Supreme Court granted a deed to the property mentioned herein to defendant." (*Id*.) Plaintiff now seeks an order "reinstating plaintiff's ownership of premises known as 3208 Farragut Road, Brooklyn, New York 11210, thus, vacating the Default Judgment of the Supreme Court; and directing Deustche Bank National Trust Company to negotiate with plaintiff a Settlement of the existing Mortgage in light of all the facts presented in this action." (*Id*. at 2-3, ¶ IV.)

## STANDARD OF REVIEW

Although plaintiff is proceeding *pro se,* and her complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), she still must establish that the court has subject matter jurisdiction over this action. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Furthermore, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.  Subject Matter Jurisdiction**

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546

2

U.S. 500, 513 (2006). A plaintiff properly invokes § 1331 federal question jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See* 28 U.S.C. § 1331. She invokes § 1332 diversity jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount of $75,000. *See* 28 U.S.C. § 1332(a). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Here, plaintiff alleges federal jurisdiction.

B.   **Claims Relating To Foreclosure and/or Eviction**

Although the complaint is not entirely clear, it appears that plaintiff is involved in three different state court actions pertaining either to the foreclosure of the Property or her eviction from the Property. In her complaint, affidavit and supporting exhibits, plaintiff references two Kings County Supreme Court cases, *Duran v. Milord*, Index No. 031169/2010, and *Duran v. Milord*, Index No. 13913/2008, which involve the ownership or foreclosure of the Property. Plaintiff is also the defendant in an ongoing holdover eviction proceeding in Kings County Housing Court. *See Duran v. Milord*, Index No. 52667/2013. Plaintiff asserts that in the 2010 action in Kings County Supreme Court, "a default judgment from the Supreme Court granted a deed to the property mentioned herein to defendant." (Compl. at 2, ¶ III.) Although it is unclear to the court whether plaintiff is alleging that she once owned or presently owns the Property or has been residing in the Property as a tenant , she nevertheless seeks an order "reinstating plaintiff's ownership of premise." (Compl. at 2, ¶ IV.)

In any event, to the extent plaintiff seeks to have this court intervene in her dispute with defendants regarding any foreclosure or landlord-tenant matters, this court is without jurisdiction

3

to grant plaintiff the relief she seeks. It is well-settled that judgments of foreclosure and the landlord-tenant relationship are fundamentally matters of state law. *See, e.g.*, *Ashby v. Polinsky*, 328 F. App'x 20, 21 (2d Cir. 2009) (holding that the *Rooker-Feldman* doctrine precluded plaintiff's attempt to re-litigate a state court foreclosure judgment in federal court); *Garvin v. Bank of N.Y.*, 227 F. App'x 7, 8 (2d Cir. 2007) (same); *McMillan v. Dep't of Bldgs.*, No. 12-CV-318 (ENV), 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (explaining that federal courts lack jurisdiction over eviction proceedings); *see also Gordon v. Deutsche Bank Nat. Trust Co.*, No. 11 CV 5090 (WFK), 2011 WL 5325399, at *2 (E.D.N.Y. Nov. 3, 2011) (concluding that to the extent that plaintiff seeks to overturn the state court proceedings resulting in the foreclosure of his home, the court lacks subject matter jurisdiction); *Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-752 (RRM) (LB), 2011 WL 2550733, at *4 (E.D.N.Y. June 27, 2011) (noting that federal courts lack subject matter jurisdiction over eviction proceedings); *Southerland v. N.Y.C. Hous. Auth.*, No. 10–CV–5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against the New York City Housing Authority because federal courts do not have subject matter jurisdiction over landlord-tenant matters); *Dockery v. Cullen & Dykman*, 90 F. Supp. 2d 233 (E.D.N.Y. Mar. 30, 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud).[1]

Accordingly, the court lacks jurisdiction to grant plaintiff the relief she seeks, and

---

[1] Moreover, to the extent plaintiff seeks to enjoin any ongoing action in state court, her claims must also be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts must abstain from exercising jurisdiction where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Hansel v. Town Ct. for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). *See also Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. April 12, 2010) (*Younger* doctrine bars plaintiff's claims to enjoin the foreclosure action).

plaintiff's claims relating to the state foreclosure and eviction proceedings are dismissed.

## C. Truth in Lending Act Claims

Finally, although plaintiff alleges that defendants have violated Section 1639e of the federal Truth in Lending Act ("TILA") (*see* Compl. at ¶ II-III), codified at 15 U.S.C. § 1601 *et seq.*,[2] she does not offer sufficient facts in support of that claim. Plaintiff states that "the means through which the mortgage was obtained were fraudulent. In fact, the appraisal report did not reflect the physical condition of the premises." (*See* ECF No. 1, Ex. 2, Aff. dated 10/1/13 at ¶ 4.) Plaintiff asserts that "around the time of purchase of [the property] from defendant Gladys Duran, defendant Duran did show a full copy of the appraisal to [plaintiff's husband] who instantaneously established the difference and recognized as well as mentioned the striking resemblance of the interior pictures on said appraisal report to the physical interior of the office where defendant

---

[2] Plaintiff purports to bring a claim under Section 1639e of TILA which provides, *inter alia,* that:

(a) In general - It shall be unlawful, in extending credit or in providing any services for a consumer credit transaction secured by the principal dwelling of the consumer, to engage in any act or practice that violates appraisal independence as described in or pursuant to regulations prescribed under this section.
(b) Appraisal independence - For purposes of subsection (a), acts or practices that violate appraisal independence shall include -
    (1) any appraisal of a property offered as security for repayment of the consumer credit transaction that is conducted in connection with such transaction in which a person with an interest in the underlying transaction compensates, coerces, extorts, colludes, instructs, induces, bribes, or intimidates a person, appraisal management company, firm, or other entity conducting or involved in an appraisal, or attempts, to compensate, coerce, extort, collude, instruct, induce, bribe, or intimidate such a person, for the purpose of causing the appraised value assigned, under the appraisal, to the property to be based on any factor other than the independent judgment of the appraiser;
    (2) mischaracterizing, or suborning any mischaracterization of, the appraised value of the property securing the extension of the credit;
    (3) seeking to influence an appraiser or otherwise to encourage a targeted value in order to facilitate the making or pricing of the transaction; and
    (4) withholding or threatening to withhold timely payment for an appraisal report or for appraisal services rendered when the appraisal report or services are provided for in accordance with the contract between the parties.

Gladys Duran was doing business as an Insurance broker." (Aff. at ¶ 6.) From these allegations, plaintiff concludes that "somehow, defendant Gladys Duran was fully aware of the fraud perpetrated in connection to the mortgage application." (*Id.* at ¶ 7.) These allegations are not sufficient to sustain a plausible claim for relief under TILA. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition, it is unclear whether defendant Duran is subject to the disclosure provisions of TILA. Section 1631, which sets forth the general disclosure requirements under TILA, applies only to "a creditor or lessor." 15 U.S.C. § 1631. A "creditor" is defined as "a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). Regulation Z, issued by the Board of Governors of the Federal Reserve Board to implement TILA, states that a "person regularly extends consumer credit only if it extended credit . . . more than 25 times (or more than 5 times for transactions secured by a dwelling) in the preceding calendar year." 12 C.F.R. § 226.2(a)(17)(v). Here, plaintiff has not alleged any facts sufficient to bring defendant Duran within the scope of TILA, and has only made conclusory allegations that defendant Duran "was doing business as an insurance broker" and is "part of a network specialized in banking and mortgage frauds." (Aff. at ¶¶ 6, 12.)

Finally, it appears that any TILA claim would be barred by TILA's one-year statute of limitations period. *See* 15 U.S.C. § 1640(e). Plaintiff states that she purchased the Property on December 8, 2004, and spent nine years attempting to "render [the Property] fairly decent." (Aff. ¶

4, 14.) However, Section 1640(e) requires any action to be brought within one year from the date of the occurrence of the alleged violation.

**B.     Leave to Amend**

Bearing in mind plaintiff's *pro se* status, and in an abundance of caution, the court will grant plaintiff an opportunity to amend her complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that if a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," a district court must grant leave to amend the complaint) (quotation marks omitted). Therefore, plaintiff is granted thirty (30) days leave from the date of this order to amend her complaint to set forth any claim that she may have under the federal Truth in Lending Act. Plaintiff should also provide facts establishing why any such claim is not time-barred.

Plaintiff is informed that a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citations omitted). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), but plaintiff shall have thirty (30) days from the date of this order within which to file an amended complaint. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended

Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days.

Although plaintiff paid the filing fee, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The court will serve a copy of this Memorandum and Order on plaintiff and will note service on the docket.

SO ORDERED.

                                                                              /s/
                                           KIYO A. MATSUMOTO
                                           United States District Judge
                                           Eastern District of New York

Dated: Brooklyn, New York
        October 10, 2013