UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
SONIA MILORD,

                    Plaintiff,

          -against-                             **MEMORANDUM AND ORDER**

                                                13-CV-5451 (KAM)(LB)
GLADYS DURAN and DEUTSCHE BANK
NATIONAL TRUST COMPANY,

                    Defendants.
--------------------------------x
**MATSUMOTO, United States District Judge:**

          On February 24, 2014, *pro se* plaintiff, Sonia Milord

("plaintiff"), filed a "Notice of Appeal" to the United States

Court of Appeals for the Second Circuit of the February 4, 2014,

Order of the Honorable Lois Bloom.  (ECF No. 22, Notice of

Appeal dated 2/24/14.)  Judge Bloom's February 4, 2014 Order

directed plaintiff to properly serve defendants and file proper

proof of service by February 21, 2014, or else risk dismissal of

the action without prejudice pursuant to Federal Rule of Civil

Procedure 4(m).  (ECF No. 20, Judge Bloom's Order dated 2/4/14

("2/4/14 Order").)  The Court of Appeals does not process

appeals from orders of magistrate judges absent consent to

proceed before a magistrate judge.  *See Bokel v. NYPD Property

Clerk Div.*, No. 06-CV-2849, 2007 WL 1755872, at *1 (E.D.N.Y.

June 15, 2007); *LoSacco v. City of Middletown*, 71 F.3d 88, 91

(2d Cir. 1995).  Under 28 U.S.C. Section 636, a district judge

may designate a magistrate judge to hear and determine any

pretrial matter, and may reconsider any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A). Accordingly, plaintiff's "appeal" is treated as a motion for reconsideration directed to the District Judge.  (*See* Docket Entry dated 2/26/14.)  Pursuant to Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"), a party may serve and file objections to a magistrate judge's order regarding pretrial matters within fourteen days after being served with a copy of the order.  Fed. R. Civ. P. 72(a).  The district judge in the case "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

        As an initial matter, the court notes that plaintiff has not complied with Rule 72(a) in two ways.  First, plaintiff failed to object to Judge Bloom's Order within the fourteen day period.  The docket reflects that a copy of Judge Bloom's February 4, 2014, Order was emailed to plaintiff on February 5, 2014.  Plaintiff's "notice of appeal" is dated February 24, 2014, five days after the time period permitted by the Federal Rules to file objections expired.  Second, plaintiff fails to identify the portion of the Order to which she objects, and does not explain why any portion of the Order is clearly erroneous or

2

contrary to law.  *Bokel*, 2007 WL 1755872, at *2 (holding that under similar facts, "[t]his Court cannot modify or set aside any portion of [the magistrate judge's] order on the strength of this submission.")

Even assuming, however, that plaintiff had properly complied with Rule 72(a), the court stills decline to set aside or modify Judge Bloom's February 4, 2014, Order.  After reviewing the record, the February 4, 2014, Order, and the relevant law, the court holds that Judge Bloom's Order is neither clearly erroneous nor contrary to law.  Under Federal Rule of Civil Procedure 4 ("Rule 4"), and as directed by Judge Bloom, plaintiff was required to serve individual defendant Duran according to Rule 4(e)[1], and defendant Deutsche Bank

---

[1] Rule 4(e), which governs service upon an individual, states:

Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

National Trust Company according to Rule 4(h)[2].  Notably, Judge
Bloom issued prior orders, on December 18, 2013, and on January
10, 2014, directing plaintiff to comply with Rule 4 in effecting
service on defendants.  (See ECF No. 14, Order dated 12/18/13
("12/18/13 Order"); ECF No. 18, Order dated 1/7/14 ("1/7/14
Order").)  Given that plaintiff is proceeding *pro se*, a copy of
Rule 4 and a standard "Proof of Service" form were provided to
plaintiff.  (*See* Docket Entry dated 1/13/14; 2/4/14 Order at 2
and Ex. 1.)  In addition, although Rule 4 requires a defendant
to be served within 120 days after the complaint is filed, Judge
Bloom extended the time period for service and allowed plaintiff
one final opportunity to properly serve defendants and file
proof of service by February 21, 2014.

        Nevertheless, to date, plaintiff has failed to comply
with Rule 4.  Plaintiff maintains that proper service was made
on both defendants twice, and submits affidavits in support.
(*See* ECF No. 19, Letter dated 1/29/14 ("1/29/14 Ltr."); ECF No.
16, "Affirmation of Service" dated 1/7/14; ECF No. 17,
"Affirmation of Service" dated 1/7/14.)  The affidavits of

---

[2] Rule 4(h), which governs service on a corporation, states that a
corporation must be served in the manner prescribed by Rule 4(e)(1),
or by delivering copies of the summons and complaint to "an officer, a
managing or general agent, or any other agent authorized by
appointment or by law to receive service of process and – if the agent
is one authorized by statute and the statute so requires – by *also
mailing* a copy of each to the defendant."  Fed. R. Civ. P. 4(h).
Thus, service by mail alone is not sufficient.

service dated January 7, 2014 both state that service was performed "by mailing to defendants." (ECF Nos. 16 and 17.) Plaintiff's January 29, 2014, letter states that "proper service was made to both defendants" on November 11, 2013, but that due to Judge Bloom's January 10, 2014 Order, "I was prompted to effect service a second time to the defendants, *by mail. . . .* Consequently, we served the same upon the defendants *by mail.*" (1/29/14 Ltr. at 1.) Despite plaintiff's misconceptions regarding Rule 4, Rule 4 plainly does not permit service by mail alone. Moreover, the affidavits of service plaintiff attaches to her letter do not show that defendants were properly served pursuant to Rules 4(e) and 4(m). (*See* ECF No. 19, Exs. A and B.)

Rather than abide by Judge Bloom's prior orders and properly re-serve defendants by February 21, 2014, plaintiff chose instead to file a notice of appeal, which, when construed as a motion for reconsideration, was untimely filed. Moreover, it is clear that Judge Bloom's February 4, 2014 Order was neither clearly erroneous nor contrary to law. Accordingly, plaintiff's appeal is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's notice of appeal, construed as a motion for reconsideration, is denied,

5

and the court declines to set aside or modify Judge Bloom's
February 4, 2014 Order in any respect.  As plaintiff has not
established proper service of process on defendants by the
deadline set forth in Judge Bloom's Order, the court
respectfully defers to Judge Bloom to recommend dismissal
without prejudice of the action or to issue further orders for
pretrial purposes as she deems appropriate.  The court certifies
pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this
Order would not be taken in good faith and therefore *in forma
pauperis* status is denied for the purpose of an appeal. *Coppedge
v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of
Court is respectfully requested to serve a copy of this Order on
plaintiff and note service on the docket.

**SO ORDERED.**

**Dated**:      February 27, 2014
              Brooklyn, New York


                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York

6