UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

SONIA S. MILORD,

                    Plaintiff,

  -against-

GLADYS DURAN and
DEUTSCHE BANK NATIONAL TRUST COMPANY

                  Defendants.

----------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

13-CV-5451 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

        On October 1, 2013, plaintiff Sonia Milord ("Milord" or "plaintiff") commenced this action *pro se* against defendants Gladys Duran ("Duran") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "defendants"), seeking, *inter alia*, to enjoin any eviction process against plaintiff from property located at 3208 Farragut Road in Brooklyn, New York. (ECF No. 1, Compl. filed 10/1/13.) The court dismissed the complaint for lack of subject matter jurisdiction and granted plaintiff thirty days leave to file an amended complaint. (ECF No. 7, Mem. & Order dated 10/10/13.) On November 12, 2013, plaintiff filed an Amended Complaint against defendants. (ECF No. 8, Am. Compl. filed 11/12/13.) Plaintiff also filed two affirmations of service, affirming that Erich Milord "served a copy of the attached Amended Complaint & Exhibits" upon Duran and Deutsche Bank at their mailing addresses. (ECF Nos. 9 and

10, Affirmations of Service dated 11/12/13.)

The court referred the case to Magistrate Judge Lois Bloom for pretrial supervision. (ECF No. 11, Order dated 11/18/13.) On December 18, 2013, Judge Bloom ordered plaintiff to re-serve defendants with the summons and complaint to comply with the Federal Rules of Civil Procedure, advising plaintiff that she risked dismissal of the action without prejudice if she did not make proper service or show good cause why service had not been effected by January 29, 2014. (ECF No. 14, Order dated 1/10/14.) On January 7, 2014, plaintiff filed a request for certificate of default. (ECF No. 15, Request for Cert. of Default dated 1/6/14 and filed 1/7/14.) Plaintiff attached two affirmations of service, which again noted that defendants had been served with plaintiff's request for certificate of default through mail. (ECF Nos. 16 and 17, Affirmations of Service dated 1/7/14.) On January 10, 2014, Judge Bloom denied without prejudice plaintiff's request for a certificate of default because of failure to properly serve defendants with the summons and complaint. (ECF No. 18, Order dated 1/10/14.) Judge Bloom noted that "[m]ailing alone is not sufficient to effect service on an individual or a corporation." (*Id.*) Accordingly, Judge Bloom ordered plaintiff to re-serve defendants by complying with Federal Rule of Civil Procedure 4 ("Rule 4"), or else the court

would recommend that the action should be dismissed without prejudice pursuant to Rule 4(m). (*Id.*) Judge Bloom also sent a copy of Rule 4 to *pro se* plaintiff.

On January 29, 2014, plaintiff filed a letter claiming that she effected personal service of the amended complaint on defendants on November 12, 2013. (ECF No. 19, Letter dated 1/29/14 ("1/29 Letter").) Judge Bloom noted, however, that plaintiff's submitted affidavits of service were still improper because they did not contain information about which individual was personally served at the addresses listed, and that accordingly, the court would allow plaintiff one final opportunity to re-serve defendants and file proper proof of service by February 21, 2014, or Judge Bloom would recommend dismissal of the action. (ECF No. 20, Order dated 2/4/14; *see* 1/29 Letter, at 9.) In light of plaintiff's *pro se* status, Judge Bloom sent plaintiff a standard "Proof of Service" form and "strongly encouraged" plaintiff to have the person effecting service to use the form. (*Id.* at 2.)

Rather than properly effecting service of process, plaintiff filed a notice of appeal of Judge Bloom's decision, which this court construed as a motion for reconsideration. (ECF No. 22, Appeal of Magistrate Judge Decision filed 2/24/14; ECF No. 23, Order dated 2/27/14 ("2/27 Order").) The court

declined to set aside or modify Judge Bloom's February 4, 2014, Order, and respectfully deferred to Judge Bloom to recommend dismissal of the action without prejudice or to issue further orders for pretrial purposes. (2/27 Order at 6.)

On March 7, 2014, Judge Bloom issued a Report and Recommendation ("R&R") recommending that plaintiff's action should be dismissed without prejudice pursuant to Rule 4(m). (ECF No. 24, R&R dated 3/7/14.) The R&R, which was mailed to plaintiff on March 7, 2014, noted that the parties had fourteen days from service of the R&R to file written objections to the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). (*Id.* at 4.) The statutory period for filing objections has now expired, and no objections to Judge Bloom's R&R have been filed.[1]

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only

---

[1] On March 25, 2014, plaintiff filed a notice of interlocutory appeal as to this court's February 27, 2014 order. (ECF No. 25, Notice of Interlocutory Appeal filed 3/25/14.) On August 13, 2014, the Court of Appeals for the Second Circuit ordered the dismissal of the appeal, based on lack of jurisdiction under 28 U.S.C. § 1291, as this court had not yet issued a final order. (ECF No. 26, Mandate as to Notice of Interlocutory Appeal dated 8/13/14.)

satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)). Moreover, failure to object timely will generally waive further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health and Humans Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995); *see Thomas v. Arn*, 474 U.S. 140, 149-155 (1985).

Upon a review of the Report and Recommendation, and considering that plaintiff has failed to object to Judge Bloom's thorough and well-reasoned recommendation, the court finds no clear error in Judge Bloom's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court. Judge Bloom repeatedly has advised plaintiff of the proper way to effect service of process and warned plaintiff of the consequences of her failure to effect timely service. Plaintiff has repeatedly failed to comply with the requirements for proper service of process.

Accordingly, plaintiff's action against defendants is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Although plaintiff paid the filing fee, the

court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to mail a copy of this Order to plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated:   August 25, 2014
         Brooklyn, New York

                                            _____    ___/s/_____
                                            Kiyo A. Matsumoto
                                            United States District Judge